USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/13/2022



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**EVAN J. GOTTSTEIN**
*Assistant Corporation Counsel*
(212) 356-2262
egottste@law.nyc.gov

September 7, 2022

**By ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



      Re:    **Monte S. Leach v. City of New York, et al.**
               22-CV-3007 (ALC)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for interested party the City of New York in the above-referenced action.[1]  Defendants write to respectfully request (1) an order compelling plaintiff to produce a signed unsealing release pursuant to New York Criminal Procedure Law §§ 160.50 and 160.55 (hereinafter "160.50 release") by a date certain, (2) an enlargement of time for this Office to respond to the Court's July 11, 2022 *Valentin* Order until 30 days thereafter, and (3) a stay of the City's obligation to respond to the amended complaint until after both parties have fully complied with the Court's *Valentin* Order.[2]

      Plaintiff, who is proceeding *pro se*, commenced this action on April 11, 2022, bringing claims under 42 U.S.C. § 1983, alleging that on May 10, 2021, he was arrested and subsequently indicted on charges of rape in the first degree, after a complaining victim had identified him by name as her assailant.[3]  *See* Compl. at 4, 6, ECF No. 2.[4]  Plaintiff also alleges that the charges against him were ultimately dismissed, and a Certificate of Disposition attached to the complaint indicates that his criminal case was dismissed on October 25, 2021.  On July 11, 2022, the Court

---

[1] The City appears only as an interested party at this time because it has not yet received proper service of process.

[2] For reasons set forth below, the undersigned was unable to contact plaintiff and seek his consent to this application.

[3] The basis for plaintiff's claims against the City are unclear.  Although he brings this action under § 1983, neither of his complaints allege **any** facts whatsoever that could plausibly give rise to a municipal liability claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[4] Citations to the complaint herein refer to the ECF-stamped pagination.

entered an Order of Service, which ordered service on the City and added "John Doe 1-5" as defendants. *See* ECF No. 6 at 2. The Order of Service also directed this Office to provide the Court and plaintiff with "the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where the defendants may be served" by September 9, 2022. *Id.*

At the outset, this Office does not know which individuals plaintiff intends to sue, as he only describes them in his amended complaint as "two of [the NYPD's] officers from the 5th Precin[c]t in Manhattan." In an abundance of caution, however, this Office intends to comply with the Court's *Valentin* Order and identify any officers who may have participated in plaintiff's arrest. To identify such individuals, we need to obtain and review records of plaintiff's arrest; however, based on the Certificate of Dismissal attached to both of plaintiff's complaints, it appears that plaintiff's arrest records have been sealed pursuant to N.Y. C.P.L. § 160.50. Likewise, on July 26, 2022, this Office mailed a blank 160.50 release to plaintiff at the address he provided in both his original and amended complaints: 7 Livonia Avenue, Apt. 318, Brooklyn, New York, 11212. Plaintiff did not respond to this request, so on August 23, 2022, this Office sent plaintiff a follow-up request and another blank 160.50 release for his signature.

As of this writing, this Office still has not received a signed 160.50 release from plaintiff, nor have we received any correspondence from plaintiff whatsoever. And because plaintiff did not provide a telephone number or email address in either of his pleadings, this Office is unable to contact him by any means other than "snail mail." Until this Office receives an executed 160.50 release, we are unable to obtain any records concerning plaintiff's alleged arrest, detention, and prosecution, and thus cannot identify any officers who participated in that arrest.

Additionally, if the Court is inclined to allow plaintiff's claim against the City to proceed as currently pled, the City respectfully requests that the Court stay its obligation to respond to the amended complaint until after the *Valentin* Order has been resolved. Indeed, the *Valentin* Order provides that plaintiff shall file an amended complaint within 30 days after this Office responds to that Order. ECF No. 6 at 3. Rather than require the City to respond to the amended complaint knowing that a second amended complaint will be imminent, in the interest of judicial economy, the Court should stay the City's obligation to answer or move until after it receives service of the second amended complaint.

For the reasons set forth above, the City respectfully requests (1) an order compelling plaintiff to produce a signed and notarized 160.50 release by a date certain, (2) an enlargement of time for this Office to respond to the Court's *Valentin* Order until 30 days after it receives the executed release from plaintiff, and (3) a stay of the City's obligation to respond to the amended complaint until after both parties have fully complied with the Court's *Valentin* Order.

We thank the Court for its consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*           /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: Monte Leach
*Plaintiff Pro Se*
7 Livonia Avenue, Apt. 318
Brooklyn, New York 11212

The City's request for an enlargement of time and a stay of their obligation to respond to the complaint are **GRANTED**.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
Dated: 9/13/2022

3